## IN THE COURT OF APPEALS OF IOWA

No. 17-0414
Filed May 17, 2017

**IN THE INTEREST OF C.C., R.C., and L.C.,**

**T.W., Mother,**
      Appellant,

**J.C., Father,**
      Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**

Judd J. Parker of Parker Law Office, Clinton, for appellant mother.

Barbara E. Maness, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and David M. Van Compernolle, Assistant Attorney General, for appellee State.

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and McDonald, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their three children. Each challenges the sufficiency of the evidence supporting termination. We review these claims de novo, giving weight to the juvenile court's fact findings though we are not bound by them. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The children came to the attention of the Iowa Department of Human Services (DHS) in August 2015. In September 2015, after both parents tested positive for methamphetamine, the children were placed in foster care. The juvenile court adjudicated the children to be in need of assistance (CINA) in October 2015.

The DHS provided the parents with services designed to reunite the family, but neither was able to progress as needed to have the children returned to their care. The mother did successfully complete substance abuse treatment, but she relapsed and was under the influence of methamphetamine while caring for the children in October 2016. The father never completed substance abuse treatment, and he reportedly attended visits with the children while under the influence. Neither parent submitted to drug testing in the months leading up to the termination hearing. Both missed visits with the children. Neither adequately followed through with recommended mental health treatment.

Due to the parents' lack of progress by the end of 2016, the State filed a petition seeking to terminate both the mother's and the father's parental rights to the children. Following a February 2017 hearing, the juvenile court entered its order terminating the father's parental rights pursuant to Iowa Code section

232.116(1)(d) and (f) (2016). It terminated the mother's parental rights to the children pursuant to section 232.116(1)(d), (f), and (*l*). Both parents separately appeal.

Before a court may terminate parental rights, the State must prove by clear and convincing evidence the existence of one ground for termination listed under section 232.116(1). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). When the juvenile court terminates parental rights on multiple statutory grounds, we may affirm so long as the evidence supports termination on one of the grounds. *See id.* at 707. The court here terminated the mother's and the father's parental rights to all three children under section 232.116(1)(f). To terminate on this ground, the State must prove the following by clear and convincing evidence with regard to each child:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). Neither parent disputes the State proved the first three elements of section 232.116(1)(f). Each instead argues the evidence is insufficient to show the children could not be returned to their care at the time of the termination hearing. *See D.W.*, 791 N.W.2d at 707 (noting "at the present time" means "at the time of the termination hearing").

The evidence shows the mother and the father continued to use methamphetamine at the time of the termination hearing. Both were under the influence of controlled substances during visits with the children. Their substance abuse issues place the children at risk if returned to the parents' care. Because each parent's substance abuse continues unabated, clear and convincing evidence establishes the children could not be returned to either parent's care at the time of the termination hearing. Therefore, State proved the grounds for terminating both the mother's and the father's parental rights under section 232.116(1)(f).

Having determined a statutory ground for termination exists, we then consider whether termination is in the children's best interest. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). Our primary consideration is the children's safety, the best placement to further their long-term nurturing and growth, and the children's physical, mental, and emotional conditions and needs. *See id.* The children's need for a permanent home is also a primary concern in determining their best interests. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially). Accordingly, once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the . . . period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the

legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children").

Comparing the length of time the parents had to remedy the issues that led to the children's removal with the lack of effort and progress each parent demonstrated clearly shows termination is in the children's best interests. The parents' past conduct indicates what we may expect from them in the future. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990); *In re D.R.J.*, 454 N.W.2d 838, 845 (Iowa 1990). On this record, the prognosis for the children's return to either parent is poor. Children are not equipped with pause buttons; delaying the children's permanency in favor of the parents is contrary to the children's best interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614 ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

The mother also seeks to avoid termination of her parental rights to the oldest child under the exception set forth in section 232.116(3)(b). This exception provides that the court need not terminate a parent's rights to a child if "[t]he child is over ten years of age and objects to the termination." Iowa Code § 232.116(3)(b). Although the oldest child is over the age of ten, we are unable to find evidence she objected to termination. Rather, the evidence shows the child was concerned about returning to either parent's care and wanted to stay with her foster care family, who are interested in adopting. The exception

provided in section 232.116(3)(b) is inapplicable. Accordingly, we affirm the termination of both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**